IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES E. PATTON, JR., )<br>)<br>Defendant. )<br>_____ ) | Case No. 04-10267-01-WEB |

**Memorandum and Order**

      This matter is before the court on defendant's Motion for Review of a Detention Order. Defendant argues that based on evidence that was not available when the Magistrate Judge ordered his detention, he should now be released on an O/R bond pending his sentencing on October 31, 2005. For the reasons set forth herein, the court concludes that no hearing is necessary on the motion, and the court further finds that the motion should be denied.

      Defendant James Patton, Jr. was arrested following the filing of a criminal complaint charging interstate transportation of stolen property and fraudulent use of credit cards. Doc. 5.  At his initial appearance on December 20, 2004, defendant waived his right to a detention hearing and was ordered detained by the Magistrate Judge. A two-count indictment against the defendant was filed on December 29, 2004. Doc. 5. The defendant was remanded to custody following his arraignment. Doc. 6. On January 27, 2005, defendant moved for reconsideration of the detention order, arguing there was new evidence available to the defense, including that the defendant no longer had "holds" placed on him for

warrants in Missouri and California.  Doc. 10 at 1.  On January 31, 2005, the Magistrate, following a detention hearing, again ordered that the defendant be detained, finding that no condition or combination of conditions would reasonably assure the safety of the community and the appearance of the defendant as required.  The Magistrate noted that the defendant had active warrants pending in Florida and North Carolina.  Doc. 11.

A four-count Superseding Indictment was filed on April 6, 2005.  The Magistrate again conducted a detention hearing after the defendant's arraignment on the Superseding Indictment, and again ordered that he be detained.  Docs. 33, 34.  The Magistrate found the Government had met its burden of proving the defendant was a flight risk.  Additionally, the Magistrate noted there was an outstanding active parole violation warrant against the defendant in California.  On August 8, 2005, the defendant appeared before the court and entered a plea of guilty to a one-count Information charging a violation of 18 U.S.C. § 1028A, aggravated identity theft.  The court accepted the plea of guilty following a hearing pursuant to Rule 11, and ordered that the defendant be remanded to custody pending sentencing.  The sentencing hearing was set for October 31, 2005.

On September 23, 2005, defendant filed a motion for review of the Magistrate's detention order, arguing there was new information available that the Magistrate had not considered -- namely, that the hold placed on the defendant out of California had been removed.

_Discussion_.

In _United States v. Burks_, 141 F.Supp.2d 1283 (D. Kan. 2001), Judge Crow set forth the standards governing a motion under 18 U.S.C. § 3145(b) for review of a detention order:

> By statute, 18 U.S.C. § 3145(b), a defendant detained by a

2

magistrate judge may seek review before the district court. The district court conducts a de novo review of the magistrate judge's order. *United States v. Carlos*, 777 F.Supp. 858, 859 (D.Kan.1991); *see United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir.1992), *cert. denied*, 507 U.S. 940, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993). The district court must make its own de novo determination of the facts with no deference to the magistrate judge's findings. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir.1990); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987). In the same vein, the district court ultimately must decide the propriety of detention with no deference to the magistrate judge's conclusion. *Id.*

De novo review does not require a de novo evidentiary hearing. *United States v. Alonso*, 832 F.Supp. 503, 504 (D.Puerto Rico 1993); *United States v. Bergner*, 800 F.Supp. 659, 661 (N.D.Ind.1992); *see United States v. Koenig*, 912 F.2d at 1193. The district court may elect to "start from scratch" and follow the procedures for taking relevant evidence. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir.1991). The district court may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D.Pa.1994); *see United States v. Messino*, 842 F.Supp. 1107, 1109 (N.D.Ill.1994). The district court may conduct evidentiary hearings if "necessary or desirable," and the hearings are not limited to situations where new evidence is being offered. *Koenig*, 912 F.2d at 1193. These matters are left to the district court's sound discretion. *Id.; Bergner*, 800 F.Supp. at 661.

Under the circumstances, the court determines that no additional evidentiary hearing is necessary at this time. Even accepting as true the defendant's allegation that the "hold" against him in California has been removed, and that he would reside with his mother in Florida if released, the court finds no basis for ordering his release. Under § 3143(a), a judge shall order that a person who has been found guilty of an offense and is awaiting imposition of sentence be detained [with an exception not applicable here] unless the judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. As shown by the Pretrial Services Report adopted by the Magistrate, the defendant's extensive history of interstate travel and fraudulent conduct, including

convictions for impersonation of a law enforcement officer and giving false information to a peace officer, as well as the instant offense conduct of aggravated identity theft involving an extensive pattern of fraud, and the defendant's lack of any significant ties to this community, all show that he would pose a flight risk or danger to the community if released.

*Conclusion*.

Defendant's Motion for Reconsideration of the Magistrate's Detention Order (Doc. 48) is DENIED.  The order of detention previously entered remains in effect.

IT IS SO ORDERED this __6th__ Day of October, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge