IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JAMES E. PATTON, ) <br>  ) <br> Defendant. ) <br>  ) | No. 04-10267-01-WEB |

### Order on Motion for Return of Property

This matter is before the court on the defendant's motion for return of property pursuant to Fed.R.Crim.P. 41(g). Defendant seeks the return of various items of property listed in Doc. 53, Attachment 1. The United States has filed a response.

The Government's response shows that it agrees to the return of the following property requested by defendant: Cessna CD Private Pilot; Gleam's Private Pilot Book; Laptop with charger; Nextel phone with charger; Motorola silver flip phone; black wallet; pictures; social security card; keys on Harley Davidson key chain; title to Ford 250; black business bag and contents; brown daily planner; black binder in flight bag; and icom radio. Accordingly, upon defendant making the necessary arrangements with the U.S. Secret Service for return of these items, the above items shall be returned to the defendant.

The Government's response asserts the following items cannot be returned because they were never seized by federal authorities: Aviation chart maps; NBAA bag and contents; black binder containing Florida aviation historical society material; Embry Riddle Aeronautical University; PCMCia wireless internet card; and Rand McNally Road Atlas. Absent some evidence that these items were in fact seized by federal

authorities, the court finds that the defendant's motion for return of these items should be denied.

The Government next states that the following items will not be returned because they were fraudulently obtained by the defendant: Projector with case [to be returned to Sears Roebuck & Co.]; pilot log book [to be returned to McConnell Aviation]; Flight bag [returned to McConnell Aviation]; and D/C Headset [returned to McConnell Aviation]. In view of the admissions by the defendant at the time of his plea and the facts in the Presentence Report, the court concludes that these items were obtained by fraud and the defendant is not entitled to their return.

The Government asserts that the pictures referenced above were stored in the memory of the Digital Cannon Camera that was returned to Sears Roebuck & Co. Accordingly, defendant's request for return of these the stored images cannot be granted.

Lastly, the Government asserts that the clothing requested by defendant was never taken but was left at the Cobb/Lundy residence. The Government also advises that the defendant should contact the Hertz Corporation regarding any clothing left in the rental car. Absent a showing that the United States has these items in its possession or under its control, the court concludes that defendant's request for return of these items must be denied.

*Conclusion*.

Defendant's Motion for Return of Property (Doc. 53) is GRANTED IN PART and DENIED IN PART as set forth above. IT IS SO ORDERED this  19th   Day of January, 2006, at Wichita, Ks.

                                                              s/Wesley E. Brown
                                                              Wesley E. Brown
                                                              U.S. Senior District Judge